FILED USBC CLRK PHX
2025 JAN 31 PM 12:27

# Adversary Complaint in Bankruptcy

**In the Jurisdiction of the United States Bankruptcy Court, District of Arizona**

**I am objecting to the debtor's overall general discharge in the Bankruptcy case 4:24-bk-08398-SHG**

4:25-ap-00032-SHG

My name is Robert Calianno, and I am a creditor in the Bankruptcy Case introduced by Carlos Marquez, Case #4:24-bk-08398-SHG. I am objecting to the overall discharge of the Bankruptcy case on the basis that Carlos Marquez violated sections 3 and 4(a) in the Title 11 Bankruptcy code subdivision 727.

I believe that the debtor, Carlos Marquez, has concealed and falsified the value of the jewelry that is in his or his wife's possession at the time of the bankruptcy filing. I personally witnessed the expensive diamond earrings, necklaces, bracelets and engagement ring the debtor's wife was wearing and she stated that the debtor purchased those items for her. The value stated on Form 106, schedule A/B, Part 3, subsection 12 was only $20.00. Arizona Revised Statue 33-1125(6) provides an exemption of a maximum of $250, and I believe the total value of these items exceeds this maximum.

Additionally, the debtor made a false oath or account to the court. During the "Meeting of Creditors" on December 6th, 2024 at 9:30am the debtor under sworn oath stated that the amount submitted to the court on Form 106, schedule A/B, Part 3, subsection 12 was an accurate figure and that the $20.00 listed was the full value of Jewelry in his and his wife's possession.

**I would also like to challenge the validity of various entries stated on Form 106.**

| | |
|---|---|
| **Part 2: Summary of Liabilities Total** | **$770,498.42** |
| **Part 2 Section 2, Schedule D (Secured Property)** | **$675,684.76** |

Schedule D, section 2.3 and section 2.4. Both sections have US Bank debt listed as $329,641. This inflated the debtor debt by $329,641.00 by counting it twice.

*It appears that the total liabilities should be $440,857.42 and not the $770,498.42 as stated on form 106.*



**Part 2 Section 2, Schedule E/F, Section 3(a) (Creditors Unsecured) $9,302.66**
During the "Meeting of Creditors" on December 6th, 2024 at 9:30am the attorney for the debtor stated that the debtor believes that the total IRS debt of $9,302.66 will be relieved.

*When evaluating the total debt obligations anticipated by the debtor, I would like to remove this debt from consideration given that the debtor's own attorney believes that this secured debt will be relieved. Therefore, this IRS debt of $9,302.66 should NOT be considered when analyzing whether this debtor should qualify for Chapter 7 Bankruptcy.*

**Part 2 Section 2, Schedule E/F, Section 3(b) (Creditors Unsecured) $85,511.00**
In Section 3(b), the debtor claims student loan debts of $54,389.00. These are student loans with the debtor as a co-signior. While the debtor is liable for the loans, if the originator of the loan defaults, debtor is not making payments on the loans nor has he a history of making these loan payments.

*Therefore, when evaluating the total debt obligation anticipated by the debtor, these second position student loans should NOT be considered when analyzing whether this debtor should qualify for Chapter 7 Bankruptcy.*

When looking at all of the challenges to the total liabilities that I have outlined above; The debtor's total liabilities fall from $770,498.42 to $377,165.76. I believe that the above shows that the debtor materially misrepresented his Liabilities and clearly violates section 4(a) in the Title 11 Bankruptcy code subdivision 727. By making a false oath or account to the court.

Given that it is clear that Carlos Marquez violated sections 3 and 4(a) in the Title 11 Bankruptcy code subdivision 727.

Therefore, I would like to ask the court to NOT grant a Bankruptcy Chapter 7 Discharge for Carlos Marquez.

Robert Calianno
16602 S 36th PL
Phoenix, AZ 85048

B1040 (FORM 1040) (12/24)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS** Robert Calianno | **DEFENDANTS** Carlos Marquez |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) | **ATTORNEYS** (If Known) Kenneth Neeley |
| **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☒ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Adversary Complaint in Bankruptcy - 727(3), 727(4A)

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(a) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(b) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(c) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(d) – Objection/Revocation of Discharge**
☒ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(e) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(f) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(f) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(g) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(h) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(i) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(j) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☒ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought Objection / Revocation of Discharge | |

B1040 (FORM 1040) (12/24)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR  Carlos Marquez | BANKRUPTCY CASE NO.  4824-bk-08398-SHG |||
| DISTRICT IN WHICH CASE IS PENDING  Arizona | DIVISION OFFICE  Tucson || NAME OF JUDGE |
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| PLAINTIFF | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE || NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) ||||
| DATE || PRINT NAME OF ATTORNEY (OR PLAINTIFF) ||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.